01

02

03

04

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA N. ROY, ) | Case No.  C08-918-TSZ-BAT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| ADIRONDACK MEDICAL CTR., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

INTRODUCTION

Plaintiff Lisa N. Roy, proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") in this proposed civil rights lawsuit against Adirondack Medical Center and the New York State Department of Labor.[1]  (Dkt. No. 1).  The complaint has not been served. Having reviewed plaintiff's IFP application, proposed complaint, and the balance of the record, the Court recommends that her case be DISMISSED without prejudice for improper venue and her IFP application be DENIED as moot.

DISCUSSION

Plaintiff's proposed complaint is very difficult to understand.  It is a thirty-page compilation of handwritten pages and copies of miscellaneous documents, including letters

---

[1] The Court notes that this complaint is very similar to another complaint recently filed by plaintiff in *Roy v. Adirondack Medical Center*, Case No. C08-917-RSM-JPD.

REPORT AND RECOMMENDATION
PAGE – 1

01 from different agencies, papers related to plaintiff's former employment, and W-2 forms.

02 Each document contains handwritten comments scrawled around the borders of the page or

03 between paragraphs, making many pages impossible to read.  Plaintiff appears to allege

04 employment discrimination on the part of the Adirondack Medical Center and New York

05 State Department of Labor.  As discussed below, the complaint appears to have been filed in

06 an improper venue.

07      Venue for civil actions such as this one is determined by 28 U.S.C. § 1391(b), which

08 states:

09      A civil action wherein jurisdiction is not founded solely on diversity of
     citizenship may, except as otherwise provided by law, be brought *only* in (1) a

10      judicial district where any defendant resides, if all defendants reside in the
     same State, (2) a judicial district in which a substantial part of the events or

11      omissions giving rise to the claim occurred, or a substantial part of property
     that is the subject of the action is situated, or (3) a judicial district in which any

12      defendant may be found, if there is no district in which the action may
     otherwise be brought.

13
14 28 U.S.C. § 1391(b) (emphasis added).

15      Here, each of the named defendants reside in the State of New York.  Furthermore, all

16 of the events or omissions giving rise to the claims in plaintiff's complaint appear to have

17 occurred in New York.  Accordingly, venue is not proper in the United States District Court

18 for the Western District of Washington.  Because the defendants reside in New York, and

19 because all of the acts or omissions giving rise to plaintiff's claims occurred in New York,

20 this action could have been brought in the United States District Court for the Northern

21 District of New York.

22 CONCLUSION

23      When, as here, a case is filed in the improper venue, the district court "*shall dismiss*,

24 or if it be in the interest of justice, transfer such case to any district or division in which it

25 could have been brought."  28 U.S.C. § 1406(a) (emphasis added).  Because it appears that

26 dismissal would not prejudice plaintiff in any way, and a transfer does not appear to be in the

REPORT AND RECOMMENDATION
PAGE – 2

01  interest of justice, the Court recommends that this action be DISMISSED without prejudice

02  for improper venue.[2]  In addition, plaintiff's application to proceed *in forma pauperis* may be

03  DENIED as moot.  A proposed Order accompanies this Report and Recommendation.

04          DATED this 19th day of June, 2008.

05

06

07                                                  _____

                                                    BRIAN A. TSUCHIDA
08                                                  United States Magistrate Judge

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
_____
              [2] In the alternative, and assuming venue was proper in this district, the Court would dismiss
25  plaintiff's proposed complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The fact that plaintiff is not
    a prisoner would not change this result.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)
26  ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

REPORT AND RECOMMENDATION
PAGE – 3